IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Star Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION** |
| | ) | **TO BIFURCATE** |
| vs. | ) | **EXTRA-CONTRACTUAL CLAIMS;** |
| | ) | **INITIAL RULE 16 CASE** |
| Continental Resources, Inc., Cyclone | ) | **SCHEDULE** |
| Drilling, Inc., Plaster & Wald Consulting | ) | |
| Corp., M-I, LLC,  Zurich American | ) | |
| Insurance Company, National Union Fire | ) | |
| Insurance Company of Pittsburgh, PA, | ) | |
| Travelers Property Casualty Company of | ) | |
| America, and Torus Specialty Insurance | ) | Case No. 4:12-cv-121 |
| Company, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is Star Insurance Company's Motion to Bifurcate Extra-Contractual Claims (Docket No. 105).  Also, the court needs to issue its Rule 16 Scheduling Order.

I.     **BACKGROUND**

This case arises out of an explosion that occurred during the drilling of an oil well in western North Dakota, and a subsequent lawsuit brought in state court by three employees of defendant Cyclone Drilling, Inc. ("Cyclone") against a number of parties including Continental Resources, Inc. ("Continental"), Plaster & Wald Consulting Corp. ("P&W"), and M-I, LLC ("M-I"), who are all defendants in this action.   Continental, the well operator, had engaged Cyclone to drill the well and P&W and M-I to provide supporting services.

The additional parties to this action are:

1

- Plaintiff Star Insurance Company ("Star"). Star is Cyclone's insurance carrier and has issued a primary policy with a 1 million dollar per occurrence limit and an umbrella policy with a 5 million dollar per occurrence limit.

- Defendant Torus Specialty Insurance Group ("Torus"). Torus is P&W's insurance carrier. According to the complaint, Torus has issued a primary policy with a 1 million dollar per occurrence limit and an umbrella policy with a 5 million dollar per occurrence limit.

- Defendant Travelers Property Casualty Company of America ("Travelers"). Travelers is M-I's insurance carrier. According to the complaint, Travelers has issued a primary policy with a 1 million dollar per occurrence limit.

- Defendant Zurich American Insurance Company ("Zurich"). Zurich is one of Continental's insurance carriers. According to the complaint, Zurich has issued a primary policy with a 1 million dollar per occurrence limit.

- Defendant National Union Fire Insurance Company ("National Union"). National Union is another of Continental's insurers. According to the complaint, National Union has issued an umbrella policy with a 25 million dollar per occurrence limit.

In this action, Star seeks various declaratory determinations including its obligation, or lack thereof, under its primary and umbrella policies to provide a defense and liability coverage to Continental, P&W, and M-I based on obligations assumed by Cyclone in one or more agreements with Continental. Also among the claims asserted by defendants in this action are counterclaims brought by Continental and P&W against Star for "bad faith" handling of its insurance obligations and by Continental for fraud and misrepresentation. These claims go beyond a determination of the

rights and obligations of the parties arising out of the contracts that Continental had with Cyclone, P&W, and M-I and the above-referenced insurance policies and they will be referred to herein as the "Extra-Contractual Claims."

## II.     MOTION TO BIFURCATE

In the motion now before the court, Star requests bifurcation of the Extra-Contractual Claims pursuant to Fed. R. Civ. P. 42(b).  Continental and P&W have filed responses in opposition.  Both sides have cited cases favoring their positions.

Given the particular circumstances and claims in this case, the court concludes that Star's motion is better addressed after the opportunity for discovery and motions for summary judgment have been considered.  Consequently, the motion to bifurcate the Extra-Contractual Claims pursuant to Rule 42(b) (Docket No. 105) is **DENIED WITHOUT PREJUDICE**.

## III.    RULE 16 SCHEDULING ORDER

The other issue before the court is the issuance of a Rule 16 Scheduling Order. Unfortunately, the parties were unable to agree upon the parameters of a proposed order. Consequently, they are left with the court imposing an order that likely all will be dissatisfied with.

Star Insurance has proposed a two-phased approach to discovery.  The first phase would address the indemnity and insurance coverage claims arising out of the various contracts and insurance policies.  The second phase would address Continental's and P&W's Extra-Contractual Claims.  Under Star's proposal, discovery on the second phase would not commence until the court has ruled on any summary judgment motions addressing the first phase issues.  Star argues that resolution of the insurance and indemnity issues will likely be dispositive of the Extra-Contractual Claims and that deferring discovery on the latter will save the parties considerable expense.

3

Continental, Torus, and P&W all object to Star's proposed phased consideration of the discovery and issues, claiming it is unwarranted. Torus and P&W argue that phased discovery is unnecessary because the claims, even if legally complex, are all relatively straightforward from a factual standpoint. Continental adds that resolution of the insurance coverage and indemnification issues will not resolve its bad faith and fraud claims, so, in its view, phased discovery will only prolong the case and likely increase discovery costs. As an example of the latter, Continental points to the likelihood of having to depose a number of persons from Star twice if there is phased discovery - once on the merits of the insurance and indemnity questions and a second time with respect to the Extra-Contractual claims. Consistent with their opposition to phased consideration of issues and discovery, Continental, Torus, and P&W have proposed a more common form of progression order that would permit immediate discovery on all issues.

After careful review, neither of the proposed scheduling plans will be adopted. Instead, the court's initial Rule 16 Scheduling Order as set forth below will defer discovery on all issues except for the following:

1. Whether the insurance and indemnity provisions of the Master Service Contract, dated February 15, 1999, between Continental and Cyclone ("Cyclone MSC") applied to the work that was taking place at the time of the accident, including the question of whether the insurance and indemnity provisions in the Cyclone MSC were superseded, all or in part, by the parties subsequent Daywork Drilling Contract, dated December 22, 2010 ("Drilling Contract").

> 2. The amount of insurance that Cyclone was contractually obligated to provide Continental for the work Cyclone performed at the well site where the underlying accident took place.
>
> 3. Whether P&W was "a consultant" within the meaning of the indemnity provisions in the Drilling Contract.

In addition, the court's Scheduling Order will require that the parties present these three issues to the court for its consideration immediately following a short period for discovery. The expectation is that the court will then rule on the issues or advise the parties there are disputed issues of material fact that must be resolved at trial.

The reasons for the court proceeding in this fashion include the following:

- The amount of discovery required to tee up these issues for the court's consideration should be limited. To the extent that the court may have to look beyond the provisions of the Cyclone MSC and the Drilling Contract for a resolution, it likely would be limited to evidence of (1) what occurred at the time of contract formation - particularly with respect to the Drilling Contract, (2) the course of performance between Continental and Cyclone, and (3) the nature of the work actually performed by P&W.

- Discovery from Star and the other parties would appear to be unnecessary with respect to these three issues since their opinions regarding what the contractual obligations of Cyclone to Continental were at the time of the accident would be irrelevant. Thus, at least with respect to these parties, the deferral of discovery with respect to the remaining issues is unlikely to result in duplicative discovery.

- The court fully understands Continental's argument that its claims of bad faith, fraud, and misrepresentation present different issues and that what the court is ordering here *may* add to the overall length of the case *if* all issues on the table eventually require time for discovery, survive motions for summary judgment, and are tried.  The court concludes, however, that requiring the parties to take a hard look at these three issues, and possibly resolve them, is more likely, given their predominance, to lead to a narrowing of the issues, elimination of some of the parties and claims, and an increased likelihood that the parties could reach a settlement with the net result being a saving of litigation expenses and preservation of judicial resources.

- The Extra-Contractual Claims exponentially increase the complexity of this case and the amount of discovery required.  In addition, the court's past experience with these types of claims is that inevitably there are disputes over the scope of discovery as well as the potential for the court having to address difficult, and sometimes intractable, claims by both sides of attorney-client privilege and work product.[1]  And, looking at what Continental and P&W claim Star failed to do and what Star is claiming regarding lack of reliance, the likelihood is that this case will be no different.  These are additional reasons for the court ordering that the parties to direct

---

[1] In the court's last "bad faith" insurance case presenting similarly complex issues, the parties spent tens of thousands of dollars in attorney's fees arguing over what documents were subject to attorney-client privilege and work product.  After several weeks of work, the court was making the final edits on its order ruling on the eighty-eight documents requiring *in camera* inspection when the parties called and advised the case had been settled.

their attention first to the issues that may help to resolve the case and avoid these problems or at least limit their scope and number.[2]

Based on the foregoing, the court hereby **ORDERS** as follows:

1. Discovery shall initially be limited to the following three issues:

    a. Whether the insurance and indemnity provisions of the Cyclone MSC applied to the work that was taking place at the time of the underlying accident in this case, including whether these provisions were superseded, all or in part, by the Drilling Contract.

    b. The amount of insurance that Cyclone was contractually obligated to provide Continental with respect to the work at the site where the accident occurred.

    c. Whether P&W was "a consultant" within the meaning of the indemnity provisions in the Drilling Contract.

2. The Rule 26(a)(1) disclosures related to the three issues identified in paragraph one shall be made on or before May 15, 2013.

3. Discovery on the three issues identified in paragraph one shall be completed on or before August 15, 2013.

4. The parties taking a position on any of the three issues identified in paragraph one shall file simultaneous briefs on or before August 30, 2013, that set forth their positions and arguments for the same. Simultaneous reply briefs are due on or before September 20, 2013.

---

[2] There also appears to be lurking in the background the possibility of Cyclone seeking leave to amend to assert a claim of bad faith against Star. If Cyclone intends on making any such claim, it would be well advised not to wait too long.

5.  Nothing in this order precludes any party from filing an immediate dispositive motion with regard to issues that they believe require no discovery.[3]

6.  Each party shall serve no more than 25 different interrogatories, including subparts, without first seeking leave of court, although the same interrogatories can be served on different parties.

7.  Each party shall take no more than 10 depositions without first seeking leave of court, which may be necessary if discovery is later required for the Extra-Contractual Claims.

8.  The court will conduct a telephonic status conference with the parties on July 25, 2013, at 2:00 p.m. CDT to gauge whether the parties are on track to complete the work contemplated by this order. If an earlier conference is required, the parties shall call the undersigned's chambers to schedule a conference.

9.  After the briefing has been completed on the issues identified above, any party may move the court for an order allowing discovery to proceed on some or all of the remaining issues. In any event, the court will issue a new Rule 16 Scheduling Order once the court rules on the dispositive motions filed by the parties with respect to the three issues identified above.

10. Nothing herein prohibits the parties from conducting discovery on other issues to the extent that the parties can mutually agree.

---

[3] For example, Continental has already moved for summary judgment with respect to Cyclone's indemnity obligations and one of the insurance carriers has suggested that the priority of the excess policies could be decided upon motion.

Dated this 19th day of April, 2013.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge